Let's ask the next case to proceed, New Jersey v. Merrill Lynch. Mr. Mussoff, how do you say your name, sir? Mr. Mussoff, thank you, Judge Geordi. Mr. Mussoff, please proceed. Thank you. I respectfully request five minutes for rebuttal. May it please the Court, Scott Mussoff and my colleague Andrew Moscato from Skadden Arps, on behalf of Appellants Merrill Lynch and Bank Of America Corporation. I'd like to begin with the Court's jurisdiction over this appeal. It's well settled that a remand order that's not based on a statutory ground or not based on the subject matter jurisdiction is subject to appellate review. This Court repeatedly held that in the Foster v. Chesapeake case, the Souter v. Munich Ray case, and the Consol Energy case. Plaintiffs point to the Supreme Court's decision in Carlsbad as somehow altering that analysis. It in no way does that. Didn't we say in Cook v. Wickler that we're okay? I'm sorry? I mean, we've said that nothing in the change in the statute alters our previous authority on that, right? That's correct. Okay, so assume for sake of discussion that we agree with you that we've got the jurisdiction to be hearing this on appeal, the question then is, why do you want to appeal this when there was a bargain for statement of where this would be held and the language was in the courts of the State of New Jersey? Judge Jordan, that's precisely our point, is when you go looking at this, because it was a bargain for contract, as the Court held in Foster v. Chesapeake, we've got to look at the ordinary contract interpretation. We don't look just at what other cases and other circuits may or may not have interpreted the word of. We have to look at disagreement, the agreement as a whole, and the context in which it was entered. I'm looking at the agreement as a whole, and it seems pretty straightforward to me. It was negotiated, and you got New York law, and they got the courts of the State of New Jersey. I'm sure, you know, if you told me the back story, there might be something more complicated to it than that, but that seems to be, at its core, what this is about. Right. Well, Judge Greenaway, I do think you have to look at the back story, and there was an exchange of drafts where the first draft did say federal and state courts of New York, and it came back with New Jersey, but not just of New Jersey. It says any dispute under any law in the appropriate courts of New Jersey. But I love the way you started that, right? If you started at federal and state courts of New York, right, and you ended up with courts of the State of New Jersey, that means where I started, I think, is where you ended. You know, you guys tried to get everything in New York. They said no. There's negotiations going back and forth. I know there was some other language with regard to what state's law would govern, and then you ended up with the form selection clause as it was and the application of New York law. I mean, to an observer, as objective observers as we are, it looks like it's a negotiated clause. They want it in their state courts because their state courts are going to have to apply New York law, and it's pretty straightforward. But Judge Greenaway, I respectfully submit that's not ñ they never said that. What they did is they came back with language that they drafted. And based on this circuit's authority in Jumara and Allstate, it's interpreted those exact language, courts of Pennsylvania, to mean state and federal. Jumara case is not the exact language of this case. That's number one. But when you start with that proposition, then what's your point? It's not precisely the same, although in Allstate, in which Jumara relies on, the statute does ñ the court does hold. This court holds that federal courts are indeed, quote, courts of the state for jurisdictional purposes. And I think that makes ñ That doesn't speak to the issue we've got. The question is, what is the most sound understanding of the phrase courts of the state of New Jersey? And virtually every court that's looked at something like that has said the use of of in that context is a possessive kind of a use, and it means the state's courts. And Jumara's not contrary to that. On the contrary, in Jumara, it talks about courts of record in the county. And there's distinctions made in the case law between the use of of and the use of in. So, I mean, I understand, you know, we've read your briefing and know what you think of Jumara, but I'm a little at sea to understand how you think that Jumara means that the word of is the equivalent of. Well, Jumara actually addresses both the language courts of record in Luzerne County, and it also addresses the Pennsylvania statute that Allstate looked at. And there's no dispute that the Pennsylvania statute, and we're looking at words here, say courts of Pennsylvania. So there were two pieces to Jumara. And it's the Jumara Allstate connection where this circuit has read courts of Pennsylvania explicitly to include both federal and state based on the same arguments. The other side in that case argued of has to mean the sovereignty issue. And this court rejected that. But I would also suggest the Eleventh and Sixth Circuit have also rejected that. Both Eleventh Circuit cases that are brought to our attention have zero rationale. This is what we say. So what are we to take by those two cases? Well, I think that they have a similar rationale on the flip side of what Dixon, American Soda, and AOL do. All they say is they start with the Dixon case. The First Circuit, which I believe was the Fifth Circuit, looks at it and says, well, I think of means possessive. I don't want you to talk about those cases right now. Tell me about the Eleventh Circuit. That's the circuit that goes your way. And yet the two cases that address this issue have zero rationale. It just says it is because we say it is. So what are we to take away from that to now say that's correct? I think what they hold is of and in, and in dictionary parlance, we cite the Oxford English Dictionary, are sometimes interchangeable. So at best it's ambiguous. And those courts explicitly say, then we're going to construe it against the drafter. Or at least let's look at the drafting history here. And I think the Harvard Eyes case you have painted. Isn't that actually contrary to, I mean, I thought the law required us to construe every ambiguity against somebody who's fighting against the remand. Is that not true? No. I suggest that based on that Eleventh Circuit authority and canons of contract construction, you can construe an ambiguity against the drafter of the contract. It goes back to. But we first have to find an ambiguity before we construe it against you. Yes. I'm sorry, against that. Yes. If there is an ambiguity. And again, we suggest that using the word appropriate, none of the other cases, the Dixon line of cases, has the word appropriate in there. Since New Jersey is a single unitary system, the word appropriate courts and courts plural has to be referring to. There may be an opportunity to be in some courts. There may be an opportunity to be in other courts. You have to look at which one's appropriate. Well, now, that's another question I had. Now, you know, when I look at that, I want to make sure that I understand your argument. Your argument is that that interpretation would have to mean state and federal. It couldn't possibly be referring to multiple courts within the state of New Jersey. For instance, you know, when I look at that and I say, okay, you can bring it in different county courts in New Jersey, you could bring it in chancery, you know, if it were an injunctive issue. There are other permutations of where you could bring it. But that would be all sort of intrastate possibilities. Do you agree with that? Yes, Judge Greenaway, but it's one court, Superior Court, which has jurisdiction over these claims. And just because the Superior Court may have different counties, similar to the District of New Jersey, having Trenton, Camden, Newark, doesn't mean that it's multiple courts of the District of New Jersey. And, in fact, let's look at what we call the District of New Jersey. It's the United States District Court for the District of New Jersey. That doesn't mean it's New Jersey's state sovereign. Of their means, the district geographically located in New Jersey, which happens in this case to coincide. That would only be relevant if the argument was you'd have to do something in Newark as opposed to Camden. We're not worried about the vicinages of the district court here. Let me have you make a step back because you kind of blew past my standard of review question. Your opponents cite our court authority saying, for example, in the Boyer case, quote, a district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff, close quote, when one is dealing with an issue like this of removal and remand. Is that an inaccurate statement of the law? Is that the applicable standard that we should be looking at? That's not applicable for when you're interpreting a forum selection clause resulting in the waiver of removal. Foster v. Chesapeake instructs us to look the way you would ordinarily look at contract interpretation. And in that case, that may be the standard on the second half of this issue, whether there's a substantial federal question. In that case, then the removing party does bear the burden. Okay. I'm going to take you over time here for a second because we've spent a lot of time on what the word of means, but I do want to give you just no more than a couple minutes because I want to hear you respond to the assertion that Grable, particularly as further modified by Empire, is an extraordinarily limited exception and that you guys just don't fit it. Judge Horton, we don't disagree that it's a limited exception, but we do disagree with the fact that we don't fit it. And if you look at the representations that they're alleging which were breached, which are in the appendix at 117 to 118 and 153 to 154, which is Section 3.6A through C of the contracts, they explicitly state that Merrill's SEC filings will comply with the rules and regulations of the SEC. It's broader than just what they now are claiming, and their complaint doesn't limit it to just a violation of GAP or the inclusion of a materially false statement. The language explicitly states that the filings will comply in two or three different places, the rules and regulations of either the governing regulatory authority and explicitly in some places the rules and regulations of the SEC. They've expressly eschewed, they have said directly in response to Judge Chesler's question, we're not going to be trying to make SEC-based arguments. We're trying to make basic misrepresentation and contract kind of claims, and the fact that certain things are said in SEC filings has relevance, but it doesn't turn this into an SEC case. That's the – that's what they're asserting is true, should we not believe them? No, Judge Jordan, what I would suggest is that they're the masters of their own complaint. They drafted it broad enough to be a breach of the entire WEP, which includes that. For removal purposes, you have to look at the four corners of the complaint and not – people all the time try and amend their complaints once they're removed to take out the federal issue. The courts have consistently says, too late. You're the master of your complaint. Once you include it in there, it's easy to get up there and say, I made a mistake. And maybe they did, but that's how they drafted their complaint. That's what says in the complaint. They're stuck with what they said. Okay, I got you. Thanks so much. Thank you very much. We'll have you on rebuttal. Thank you. Mr. Levy? Good morning, Your Honor. My name is Lester Levy, and I represent the State of New Jersey Division of Investment. As Your Honor is aware, removal statutes ought to be strictly construed. Well, let's go – yeah, let's go from the second issue to the first with you, and if that's okay with you, and start where Mr. Mussoff ended, which is the assertion that you guys drafted the complaint. You drafted it in a way that implicates regulatory issues under federal law. You can hardly complain when they say we want a federal court to be the one deciding that. No, we are happy with the complaint. The complaint states only state court claims. The state court, in this case, has upheld those claims as viable state court claims. The only reference to the SEC in the complaint is to identify which documents we're talking about as being inaccurate, which financial statements. And we're saying the financial statements you should be looking at are the ones that were filed with the SEC. We do not assert any federal securities claims. We don't intend to. Three judges in New Jersey have held, three different judges, that the identity of financial statements, as those filed with the SEC, does not transfer state claims into claims seeking redress for federal violations and do not raise a substantial or disputed question of federal law. And that's Judge Kavanaugh, Judge Ackerman, and Judge Jessup. So by saying these are the statements we're talking about doesn't mean we're alleging federal violations, and we aren't, Your Honor. If I can go back to the first point, which is of the state of New Jersey, Judge Greenway is correct. This is a bargain for term. New Jersey was very interested in preserving its sovereign immunity. And if you look at Section 610, which is the section dealing with exclusive jurisdiction in the courts of the state of New Jersey, it says that New York law apply, not federal law, to any dispute. It's to be heard in a court of the state of New Jersey. And the very next section, Section 611, the parties are saying, we are preserving New Jersey's sovereignty, not to be dragged into federal court. So if you look at the totality of the agreements, you'll see that it's very clear that New Jersey was preserving and the parties agreed to preserve New Jersey's sovereignty. The clause states of the state, as opposed to a clause states in the state, have been overwhelmingly ruled to be sovereignty. Is the 11th Circuit the only anomaly to that? The 11th Circuit, even if you look at those two 11th Circuit decisions, I don't think they go contrary. One of them is Global Satellite, which the language is venue in Broward County. It's an in case. And again, it didn't deal with a state sovereign. And the other 11th Circuit's case, I'm happy to hear, is State Line, in which the 11th Circuit said the form selection clause was permissible. It wasn't mandatory, as it is here. It did not preclude removal, which this one does. And again, you weren't dealing with a state agency. So I don't think there's any conflict in the courts of appeals. And there are, what, five courts of appeals that have ruled that the language courts of a particular state means sovereignty. And as Judge Chesler pointed out, your salaries aren't paid by the governor of New Jersey and you're not appointed by the governor and that seal is not a New Jersey seal. You're not a New Jersey court. And Judge Chesler, I think, said they barely escaped sanctions by making the argument they did, if you read the transcript. So I think it's clear that this was bargained for. It's unambiguous. This case should be heard in the state courts of New Jersey and is being heard. In fact, we're only a few months away from the discovery fact cutoff on that case. In the state, actually. Yes, he denied the motion to dismiss and we're moving ahead with discovery. Let me ask you this. The resolution of the, let's call it the of question for now, either way it's resolved. We go no further in our analysis from your perspective, right? That would end this appeal. Yes, Your Honor. So the Grable issue wouldn't have any impact. If we said, hmm, they bargained for and they got a form selection clause that says in New Jersey, even if we were to conclude under Grable that there was a substantial federal interest here, we would still be bound to uphold Judge Chesler's ruling. That's correct. And I think that's why Judge Chesler, when he said he's extremely dubious of the Grable argument, didn't reach it because he didn't have to reach it. The form selection was mandatory. And he felt, and he was correct, that he had no choice in the matter. We brought up the Grable, just to point out the futility of these arguments, because there is no federal question here. These are purely state law claims. And Judge Chesler said he was extremely dubious, and if it was ever sent back to him, he was going to dismiss it on the federal jurisdiction grounds, which is clearly not appealable. So this has been a waste of time, but it's delayed the state court's case for months. In fact, they used the appeal to try and get a stay of the state court case, and the state judge denied the stay so we could move forward in the state court. So, all right. That is, I think I've made the points I want to make. As far as the jurisdiction of hearing this at all, that was raised by this court. In its initial order, it said it did not have jurisdiction and invited briefings. So, you know, to conform to the court's wishes, we briefed it. If you want to go into that, I'll go into it. It's not necessary for this appeal. All right. Thank you. Oh, one more thing since I brought the book up. The argument basically boils down to of the state. There's only one state court in New Jersey. That's basically their argument. I have with me the rules governing the courts, plural, of the state of New Jersey. Sylvia Pressler and the other author obviously felt there's more than one court in the state of New Jersey, and there clearly is. All right. Thanks, Mr. Levy. Mr. Mussoff, your rebuttal. Thank you, Your Honors. Just to clarify, there's been absolutely no suggestion that this appeal has delayed anything in the state court. Judge Sarkisian, to his credit, said let's move forward without any prejudice to your appeal. He has full respect for the fact that we removed. He's not taking it personally. And he understands our right and our appellate rights. So I think any suggestion that this appeal was taken in some sort of bad faith, I strongly object to and think it was improper to even raise this argument. Moving to the merits, I'd like to quote from paragraph 73 of the complaint found at A67 of the record. It quotes from section 3.6A of the contract. Mr. Mussoff, you've moved that away from me. I apologize. But you are going to have to speak into it so that we get it all. You said 3.6A of the contract. 3.6A of the contract in paragraph 73 of the complaint, which is found on A67 in the record. It says 3.6A represented and warranted that. And then it quotes some of the language. And part of the language that it quotes, as opposed to paraphrasing, is that all such reports, quote, complied in all material respects with all of the statutes and published rules and regulations enforced or promulgated by the regulatory authority with which they were filed. And then it later talks about in paragraph 74, 3.6B of the contract, complies in all material respects with applicable accounting requirements and with the published rules and regulations of the SEC. Well, let me ask you this, Mr. Mussoff. In the Grable case, it was clear that the state law, the purportedly state law claim that was being asserted in the quiet title action could not be addressed. It was literally a logical impossibility to address it without getting into federal tax law, right? Are you claiming that the grabment of the complaint here is such that it's impossible to address what the plaintiffs are asserting without addressing federal securities regulation law? Yes. Based on the way they drafted their complaint. Based on what you just read. Based on what I just read. To decide whether it comports with the federal rules and procedures of the SEC, you need to determine that federal law, including, for example, the internal controls, which are based on the Rule 15A-13. Let me ask you this question. Suppose the claim was in a meeting with the governor of New Jersey and all of his people, the CEO of Merrill Lynch and all of his or her people. I don't know who the CEO is. Is it a man or a woman? It was at the time a man. It still is. Okay. Different man. So the CEO says to the governor, Governor, we're complying with everything. We're complying with all the laws that we need to comply with. We're the best. You know, rest assured that we're okay. And in a subsequent lawsuit, the complaint, a particular account says, there was a misrepresentation. Pick whatever you want because obviously they say it was negligent misrepresentation. The other one was, I think, fraudulent misrepresentation. Now, obviously, in that statement, in my hypothetical, certain filings that are made federally and have to comply with federal law are implicated, but in that situation, the person would be, the governor or whomever would be suing based on the representation made by the CEO, right? So how is my hypothetical different than what they've pled? Judge Greenaway, because of the language I just read, I'm not suggesting that they couldn't have drafted a state law cause of action based on the contract that these parties entered into. And I can't think off the top of my head how I would do that, but I'm sure there is a way. But they chose not to, leaving their options open, drafting an extremely broad complaint, and only after removal are they now deciding to try and backtrack and limit it. And I would still argue they haven't limited it enough. When you say an extremely broad complaint, doesn't that right there, Mr. Musoff, say this is a complaint that can be read and understood in a way that would permit a court to address the claims without getting hung up on federal law? In other words, unlike Grable, where you could not possibly address the claim without hitting federal law, this complaint is drafted broadly enough that even if there's language that could be read and understood as implicating federal rights, it certainly doesn't have to be read that way. Judge Jordan, I think this fits closer to the Broder case and the WellCare case, where the standards are imported from the federal law. And while not every claim has to be purely a federal question, but to determine, for example, did we breach this rep based on not comporting with the rules and regulations of the SEC, there is no way to determine that without addressing federal law. And I understand my time's up, but if I could just have 30 seconds just to mention the distinction between in some of those cases that sort of we say veered the wrong way. I'm going to interrupt you. You'll have your 30 seconds. You said a moment ago addressed federal law. Just because the finder of fact and the judge would have to address federal law doesn't mean it has to be in a federal forum, or that they've written the complaint in such a way that would implicate the resolution of the issues to have to be in a federal forum. Right? I mean, state courts can address federal law, and they do every day. Judge Greenway, I agree that in many of these removal cases, there's concurrent jurisdiction between the two courts, but that doesn't mean that the party removing doesn't have the right to remove if it's a substantial issue of federal law. And, again, in the WellCare case and the Broder case, I think in Broder they said applicable law, and the court read into that the applicable law there included certain federal rates. In the WellCare case, which we submitted just recently, it came out in January, the court was interpreting the standards that were incorporated to the contract, similar to those here as well. In terms of the differences, I also point out that this forum selection clause isn't just the interpretation of the contract. It's all claims arising under the contract. If the state of New Jersey, hypothetically, brought a 10b-5 case based on the purchaser sale of securities, and you have to look at it in the context of this was a securities transaction, they would no doubt have to bring that in federal court. We would then look at the forum selection clause and say, what federal court are they limited to? They're limited to a federal court in the District of New Jersey. That's the type of clause we're dealing with. It's impossible to then say, well, for that type of claim, we'll read the forum selection clause one way. For this type of claim, we won't. And that's a big difference between that and the courts in Dixon and its progeny. Okay. Thank you very much. Thank you. Appreciate both counsel being here to argue. And we'll call the next case. Thank you very much.